NO._____

---

## IN THE FIFTH CIRCUIT COURT OF APPEALS

---

## IN RE HUNTER MOUNTAIN INVESTMENT TRUST,
### *Petitioner*

---

**Original Proceeding from the Bankruptcy Court
Northern District of Texas
Cause No. 19-34054-slg11
The Honorable Judge Stacey G. C. Jernigan**

---

## EMERGENCY PETITION FOR WRIT OF MANDAMUS

Sawnie A. McEntire
State Bar No. 13590100
smcentire@pmmlaw.com
Allison Jacobsen
State Bar No. 00783549
ajacobsen@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800 Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

*Attorneys for Petitioner*

## <u>CERTIFICATE OF EMERGENCY</u>

Case No. 23-_____

In re: Hunter Mountain Investment Trust

Pursuant to Rules 21 and 27.3 of the Rules and Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit, the undersigned counsel certifies that the facts supporting emergency consideration of the mandamus are true and complete.

Petitioner requests emergency consideration of this Petition for Writ of Mandamus because Petitioner has no other adequate means to attain the desired and necessary relief, particularly after the Northern District Court's refusal to certify Petitioner's interlocutory appeal on April 11, 2023. Emergency consideration is requested because, due to the Bankruptcy Court's erroneous Order Denying Application for Expedited Hearing, on March 28, 2023, Petitioner was denied its due process rights to obtain leave (as required under the Plan) to file claims individually and, derivatively on behalf of the Reorganized Debtor and the Highland Claimant Trust. An emergency now exists because of a fast-approaching date, April 16, 2023, which one or more of the Proposed Defendants now claims is the expiration of the statute of limitations concerning some of Petitioner's common law claims.

Petitioner's Proposed Adversary Proceeding focuses on the improper use of material non-public information in the acquisition of approved unsecured claims.

1

These purchases (or claim transfers) occurred at various points in time and involved different sellers and different purchases prices. The first trade or sale at issue occurred on April 16, 2021, in the amount of approximately $23,000,000.00. Petitioner is seeking, *inter alia,* the equitable disallowance or, alternatively, equitable subordination of this and the other improperly purchased claims. Petitioner also seeks, *inter alia*, the imposition of constructive trusts based upon unjust enrichment and disgorgement of all ill-gotten profits. Petitioner seeks to bring these claims on behalf of itself and as a derivative action on behalf of the Reorganized Debtor and the Highland Claimant Trust.

Petitioner will suffer irreparable harm and it is being denied due process because the Bankruptcy Court's erroneous Order Denying Application for Expedited Hearing indulges the arguments of one or more of the Proposed Defendants, effectively allowing them to argue a shortened limitations period. If emergency mandamus relief is not granted, at least one of the Proposed Defendants has stated that it will seek to assert a limitations affirmative defense which otherwise would not exist.

Petitioner believes action is now necessary no later than April 12, 2023, so that an expedited notice can be issued scheduling the Emergency Motion for Leave for hearing and determination on or before April 13, 2023.

Petitioner further certifies that opposing counsel was advised by telephone on April 11, 2023, of the intent to file this emergency mandamus.

Dated: April 11, 2023

/s/Sawnie A. McEntire_____
Sawnie A. McEntire
Counsel of Record for Petitioner

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

Case No. 23-_____

In re: Hunter Mountain Investment Trust

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the

outcome of this case. These representations are made in order that the judges of this

court may evaluate possible disqualification or recusal.

**1) <u>Debtor: Highland Capital Management, L.P.</u>**

Attorneys:
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch
ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-and-

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106

4

Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

## 2) Highland Capital Trust

Attorneys:
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch
ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-and-

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

## 3) James P. Seery, Jr.

Attorneys:
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
Ira D. Kharasch

ikharasch@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

-and-

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

## 4) Stonehill Capital Management, LLC

Attorneys:
Brent R. McIlwain, TSB 24013140
brent.mcilwain@hklaw.com
David C. Schulte TSB 24037456
david.schulte@hklaw.com
Christopher Bailey TSB 24104598
chris.bailey@hklaw.com
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel.: (214) 964-9500
Fax: (214) 964-9501

## 5) Farallon Capital Management, LLC

Attorneys:
Brent R. McIlwain, TSB 24013140
brent.mcilwain@hklaw.com
David C. Schulte TSB 24037456
david.schulte@hklaw.com
Christopher Bailey TSB 24104598
chris.bailey@hklaw.com
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel.: (214) 964-9500
Fax: (214) 964-9501

## 6) **<u>Muck Holdings, LLC.</u>**

Attorneys:
Brent R. McIlwain, TSB 24013140
brent.mcilwain@hklaw.com
David C. Schulte TSB 24037456
david.schulte@hklaw.com
Christopher Bailey TSB 24104598
chris.bailey@hklaw.com
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel.: (214) 964-9500
Fax: (214) 964-9501

## 7) **<u>Jessup Holdings, LLC.</u>**

Attorneys:
Brent R. McIlwain, TSB 24013140
brent.mcilwain@hklaw.com
David C. Schulte TSB 24037456
david.schulte@hklaw.com
Christopher Bailey TSB 24104598
chris.bailey@hklaw.com
Holland & Knight LLP

1722 Routh Street, Suite 1500
Dallas, TX 75201
Tel.: (214) 964-9500
Fax: (214) 964-9501

**8) <u>Petitioner: Hunter Mountain Investment Trust</u>**

Attorneys:
Sawnie A. McEntire
State Bar No. 13590100
smcentire@pmmlaw.com
Allison Jacobsen
State Bar No. 00783549
ajacobsen@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

Dated: April 11, 2023

> */s/Sawnie A. McEntire*_____
> Sawnie A. McEntire
> Counsel for Petitioner

# TABLE OF CONTENTS

CERTIFICATE OF EMERGENCY ...................................................................1

CERTIFICATE OF INTERESTED PARTIES ...........................................4

TABLE OF CONTENTS ................................................................................9

TABLE OF AUTHORITES .........................................................................10

I.     STATEMENT OF THE CASE .........................................................11

II.    RELIEF SOUGHT ............................................................................14

III.   ISSUE PRESENTED ........................................................................15

IV.    BACKGROUND ...............................................................................15
   A. Procedural Background....................................................................15
   B. Emergency Motion for Leave to File Verified Adversary Proceeding ...............18
   C. Mandamus is Necessary Due to Denial of Interlocutory Appeal ........................22

V.     STANDARD OF REVIEW ..............................................................24

VI.    REASONS THE WRIT SHOULD ISSUE ......................................25
   A. No Other Adequate Means to Attain Desired Relief...............................25
   B. Clear and Indisputable Right to Emergency Motion for Leave ...........................27
   C. Desired Relief is Appropriate .........................................................30

VII.   PRAYER ...........................................................................................32

CERTIFICATE OF COMPLIANCE ..........................................................34

# TABLE OF AUTHORITIES

*Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) ........................... 24

*In re A&D Ints., Inc.*, 33 F.4th 254, 256 (5th Cir. 2022) ..................................... 25,26

*In re Barrier*, 776 F.2d 1298 (5th Cir. 1985) (per curiam) ..................................... 24

*In re Chesson,* 897 F.2d 156, 159 (5th Cir. 1990) ....................................................... 24

*In re Dresser Industries, Inc.,* 972 F.2d 540, 543 (5th Cir. 1992) ......................... 24

*In Re Grand Jury Subpoena,* 190 F.3d 375, 389 (5th Cir. 1999) ............................ 24

*In re Itron, Inc*., 883 F.3d 553, 567–68 (5th Cir. 2018) ..................................... 24, 26

*In re Lieb*, 915 F.2d 180, 186 (5th Cir. 1990) .............................................................. 24

*In re Schlumberger Tech. Corp*., 818 F. App'x 304, 306 (5th Cir. 2020) ........... 26

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) ........................ 24

*Newby v. Enron Corp.*, 542 F.3d 463, 470 (5th Cir. 2008) ................. 25.27,28,29

*Schillinger v. Union Pac. R.R. Co.,* 425 F.3d 330, 334 (7th Cir.2005) .............. 29

# I. STATEMENT OF THE CASE

On March 31, 2023, the Honorable Judge Stacey G. C. Jernigan ("Judge Jernigan"), Presiding Judge in the underlying bankruptcy proceedings, signed an Order Denying Application for Expedited Hearing [DE #3700] (the "Order Denying Expedited Hearing").[1] This order denied Petitioner Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding [Doc. 3700] (Appx_0391-0397) ("Application") regarding Petitioner Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding [Doc. 3699] (Appx_0004-0390) ("Emergency Motion for Leave").[2] In doing so, Judge Jernigan appears to have sided with the Proposed Defendants who argued that the Bankruptcy Court should use local motion practice procedures to effectively shorten state law statute of limitations. A writ of mandamus should be issued requiring Judge Jernigan

---

[1] Doc. 3713 [Appx_0001-0003]. Unless otherwise referenced, all references to evidence involving documents filed in the Debtor's bankruptcy proceedings (Case No. 19-34054-sgj11 (Bankr. N.D. Tex.)) are cited by "Doc." reference. HMIT asks the Court to take judicial notice of the documents identified by such entries.

[2] The Order Denying Expedited Hearing also required counsel to "contact the Courtroom Deputy for a setting on the Motion for Leave, which setting shall be no sooner than April 19, 2023" (the "Contact Order"). This Contact Order, too, was an abuse of discretion and is a subject of this mandamus.

to vacate the Order Denying Expedited Hearing,[3] to conduct an immediate hearing on the Emergency Motion for Leave and, further, directing that local motion practice cannot be used in such a manner that has the effect of shortening the potential statute of limitations period due to application of the Gatekeeper Provisions (defined herein).

Under the procedural posture of this case, the Order Denying Expedited Hearing and its denial of Petitioner's Application was an abuse of discretion. The Order Denying Expedited Hearing was immediately appealed, on April 5, 2023, to the United States District Court, under Case No. 3:23-cv-00737-N, the Honorable David C. Godbey presiding. Petitioner's Notice of Appeal was then immediately followed by a Motion to Expedite Briefing, which remained pending until April 11, 2023, when the United States District Court denied certification of the interlocutory appeal.[4] Accordingly, Petitioner has no other available remedy.

The Emergency Motion for Leave seeks leave to file an Adversary Proceeding in accordance with the Bankruptcy Court's "gatekeeping" orders, as well as the injunction and exculpation provisions in the Fifth Amended Plan of Reorganization

---

[3] Including, but not limited to, the Contact Order within the Order Denying Expedited Hearing [Appx_0003].

[4] Order (denying motion for leave to file interlocutory appeal), dated April 11, 2023, Doc. 10 in Case No. 3:23-cv-00737-N [Appx_1105-1106].

of Highland Capital Management, L.P. (Doc. 1943), as modified (the "Plan") (collectively "Gatekeeper Provisions"). An expedited hearing was requested under Fed. R. Bank P. 9006 (c)(1), which authorizes a shortened time for a response and hearing for good cause. As explained in the Application, good cause existed because of an impending potential statute of limitations. It is now clear that one more of the opposing parties does seek to bar one or more of Petitioner's claims before the Emergency Motion for Leave is decided.[5] In response to the Application, the opposing parties argued that local motion practice—requiring a twenty-one day response time—required the Petitioner to file a motion for leave to file its adversary proceeding long before any statute of limitations runs so that the Bankruptcy Court could adjudicate the motion according to its local practice (and however long it takes the Bankruptcy Court to issue its decision). These parties argued to the Bankruptcy Court that diverting from local motion practice would prejudice them because they should, in effect, be entitled to a shortened statute of limitations based upon the Gatekeeper Provisions. In denying the Application, the Bankruptcy Court apparently agreed with this argument and abused its discretion by allowing its gatekeeping function to be weaponized. The Order Denying Expedited Hearing places one or

---

[5] It is evident that at least one of the Proposed Defendants in the proposed Adversary Proceeding will contend that a two-year statute of limitations regarding one or more proposed claims by Petitioner will run on or about April 16, 2023. *See* Seery's Objection to HMIT's Application, Doc. 3707 [Appx_0403-410].

more of Petitioner's proposed claims at risk by enabling the Proposed Defendants to claim a limitations defense that would not otherwise exist. A Writ of Mandamus should be issued to vacate the Order Denying Expedited Hearing, to allow Petitioner to have a timely expedited hearing on its Emergency Motion for Leave and, in any event, to allow Petitioner to file its Adversary Proceeding before April 16, 2023, to assure its proposed claims are timely asserted and that none is potentially barred by a limitations defense, and to vacate the Contact Order.[6]

After the District Court's refusal to certify Petitioner's interlocutory appeal, Petitioner has exhausted every other possible avenue for relief. Therefore, this mandamus proceeding is necessary.

## II. RELIEF SOUGHT

An order vacating the Order Denying Expedited Hearing and directing the presiding bankruptcy judge, Judge Jernigan, to grant Petitioner's Application for Expedited Hearing on Emergency Motion for Leave to File Adversary Proceeding

---

[6] Petitioner filed its Emergency Motion for Leave and related Application after Petitioner recently pursued discovery to investigate the prospective claims against several of the Proposed Defendants, as defined in this Petition for Mandamus, via Petitioner Hunter Mountain Investment Trust's Verified Rule 202 Petition (seeking discovery pursuant to Rule 202 of the Texas Rules of Civil Procedure) filed January 20, 2023, in Cause No. DC-23-01004; *In Re: Hunter Mountain Investment Trust*; In the 191st Judicial District Court of Dallas County, Texas (the "Rule 202 Proceeding"). Petitioner pursued the Rule 202 Proceeding to obtain discovery to further investigate potential claims. Although Petitioner's petition in the Rule 202 Proceeding was unfortunately denied, Petitioner's efforts in the Rule 202 Proceeding further demonstrate Petitioner's diligence. Petitioner requests that this Honorable Court take judicial notice of the Rule 202 Proceeding public record for these purposes.

and set Petitioner's Emergency Motion for Leave to File Adversary Proceeding ("Emergency Motion for Leave") for hearing on expedited notice so that the Emergency Motion for Leave is heard and determined on or before April 13, 2023, providing Petitioner a remaining opportunity to challenge the Bankruptcy Court's decision, if necessary.

## III. ISSUE PRESENTED

### ISSUE ONE

Whether the Bankruptcy Court abused its discretion in relying on local motion practice to deny Petitioner's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding to shorten the limitations period (as now argued by one or more of the Proposed Defendants), thereby creating an affirmative defense argument that otherwise would not exist.

## IV. BACKGROUND

### A.    Procedural Background

On October 16, 2019, the Highland Capital Management, LP, the Original Debtor ("Original Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in Delaware Bankruptcy Court, which was later transferred to

the Bankruptcy Court for the Northern District of Texas, Dallas Division, on December 4, 2019.[7]

On October 29, 2019, the U.S. Trustee's office appointed a four-member Unsecured Creditors Committee ("UCC") consisting of three judgment creditors— the Redeemer Committee of the Highland Crusader Fund ("Redeemer"); Acis Capital Management, L.P. and Acis Capital Management GP, LLC (collectively "Acis"); and UBS Securities LLC and UBS AG London Branch (collectively "UBS")—and an unpaid vendor, Meta-E Discovery.[8]

Following the venue transfer to Texas, on December 27, 2019, the Debtor filed its *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* ("Governance Motion").[9] On January 9, 2020, the Court signed a Governance Order granting the Governance Motion.[10]

As part of the Governance Order, an independent board of directors—which included Seery as one of the selections of the Unsecured Creditors Committee—was

---

[7] Doc 1, Order Transferring Venue of this Case to the United States Bankruptcy Court for the Northern District of Texas.

[8] *See* Doc. 2, Docket Sheet (Notice of Appointment of Creditors' Committee, dated October 29).

[9] Doc. 281.

[10] Doc. 339.

appointed to the Board of Directors (the "Board") of Strand, the Original Debtor's general partner. The Board then appointed Seery as the Chief Executive Officer in place of the previous CEO, Mr. James Dondero, as well as the Chief Restructuring Officer ("CRO").[11]

On February 22, 2021, the Bankruptcy Court confirmed the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (Doc. 1943), as modified (the "Plan"), which, *inter alia*, created the Reorganized Debtor and provided for the Highland Claimant Trust ("HCT"), which is administered by Seery, as Claimant Trustee.[12]  The HCT  and the management and monetization of the "Claimant Trust Assets" are managed by the Claimant Trust Oversight Board which now includes two of the Proposed Defendants, Muck Holdings, LLC ("Muck") and Jessup Holdings, LLC ("Jessup").[13] The terms of the Highland Claimant Trust are provided in the Claimant Trust Agreement ("CTA").[14] The Plan also includes Gatekeeping Provisions, as well as the injunction and exculpation provisions.[15]

---

[11] Doc. 854 (order approving retention of Seery as CEO/CRO).

[12] Doc. 1943, p. 33-34 [Appx_923-924].

[13] *Id*.

[14] Doc. 3521-5 [Appx_1052-1090].

[15] *See* Doc. 1943, p. 58 [Appx_948].

Upon the Plan's Effective Date in August 2021, Highland Capital Management, the Original Debtor, transferred assets, including its causes of action, to the HCT, including the causes of action set forth in the attached Adversary Proceeding.

Prior to the Plan's Effective Date, Petitioner was the largest equity holder in the Original Debtor and held a 99.5% limited partnership interest. After the Plan's Effective Date (and currently), Petitioner holds a Class 10 Claim as a contingent Claim Trust Interest under the CTA.[16]

Seery currently serves as Trustee of the HCT under the terms of the CTA and the CEO of the Reorganized Debtor.[17] Muck and Jessup both of whom are Proposed Defendants, control the Oversight Board.

## B.    Emergency Motion for Leave to File Verified Adversary Proceeding

On March 28, 2023, Petitioner filed its Emergency Motion for Leave,[18] both in its individual capacity and derivatively on behalf of the Reorganized Debtor, Highland Capital Management, L.P. ("HCM" or "Reorganized Debtor") and the HCT against Muck, Jessup, Farallon Capital Management, LLC ("Farallon"),

---

[16] Doc. 3521-5 [Appx_1078].

[17] *See* Doc. 1943, Order Approving Plan, p. 34 [Appx_923].

[18] Doc. 3699, Emergency Motion for Leave, [Appx_0004-0390].

Stonehill Capital Management, LLC ("Stonehill"), Seery and John Doe Defendant Nos. 1-10 (Muck, Jessup, Stonehill, Farallon, Seery and the John Doe Defendant Nos. 11-10 are collectively referred to as the "Proposed Defendants"). Petitioner sought leave pursuant to the Court's Gatekeeping Provisions.[19]

Petitioner's Emergency Motion for Leave attached a draft of its proposed Adversary Proceeding, which alleges claims which are substantially more than "colorable" based upon plausible allegations that the Proposed Defendants, acting in concert, perpetrated a fraud, including a fraud upon innocent stakeholders, as well as breaches of fiduciary duty and knowing participation in (or aiding and abetting) breaches of fiduciary duty.[20] The Adversary Proceeding also alleges that the Proposed Defendants did so collectively by falsely representing the value of the Debtor's Estate, failing to timely disclose accurate values of the Debtor's Estate, and trading on material non-public information regarding such values. Petitioner also alleges that the Proposed Defendants colluded to manipulate the Debtor's Estate— providing Seery the opportunity to plant close business allies into positions of control to approve Seery's compensation demands following the Effective Date of the Plan. The proposed Adversary Proceeding alleges remedies that include

---

[19] *Id.*

[20] *See* Proposed Adversary Proceeding [Appx_0041-0069].

disgorgement, actual damages, imposition of a constructive trust, equitable disallowance or, alternatively, equitable subordination.

Simultaneous with the Emergency Motion for Leave, Petitioner filed its Application seeking an Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding.[21] The Application and Emergency Motion for Leave presented good cause for an expedited hearing, as permitted under Fed. R. Bank P. 9006 (c)(1), due to an approaching date of April 16, 2023, which at least one of the Proposed Defendants intends to argue constitutes the expiration of the statute of limitations concerning some of the common law claims available to Petitioner, the Reorganization Debtor, and the Claimant Trust. It is clear that Seery has taken this position and, remarkably, overtly encouraged Judge Jernigan to deny the Application to provide a limitations defense.[22] Therefore, there is no speculation as to the opposing parties' intentions.

On March 30, 2023, Muck, Jessup, and Stonehill filed objections - as did counsel John A. Morris, who stated he was responding on behalf of HCM, the HCT, and Seery, solely in his capacities as Chief Executive Officer of HCMLP and as the

---

[21] Doc. 3700, the Application [Appx_0391-0397].

[22] *See* Doc. 3707, Seery's Objection to Application [Appx_0403-0410].

Claimant Trustee (collectively, the "Objections").[23] These Objections present no evidence that the respondents would be prevented from responding to the Emergency Motion for Leave, nor do they argue that an expedited hearing would not be in the best interests of the Reorganized Debtor or HTC. Rather, Seery presented the shocking argument that the expedited hearing should not be allowed so Seery can assert a statute of limitations defense.[24]

On March 31, 2023, Petitioner filed its Reply in Support of its Opposed Application for Expedited Hearing and Response to Objections.[25] Just minutes later on March 31, 2023, the Bankruptcy Court signed the Order Denying Expedited Hearing.[26] The Bankruptcy Court's opinion, as set forth in the Order Denying Expedited Hearing, does not specifically negate the good cause presented in the Emergency Motion and Application; rather, the Order Denying Expedited Hearing reasons the proposed claims in Adversary Proceeding are "novel" and the "Affected

---

[23] Docs. 3704, 3707, collectively, the Objections [Appx_0398-0410]. Mr. Morris' claim that he represents HCM and HCT is curious, at best, because Petitioner seeks to represent these entities in a derivative action that would provide significant benefits to the Reorganized Debtor and the HCT.

[24] *See* Doc. 3707, Seery's Objection to Application [Appx_0406-409].

[25] Doc. 3712, Hunter Mountain Investment Trust's Reply in Support of its Opposed Application for Expedited Hearing and Response to Objections Filed by Respondents [Appx_0411-0417].

[26] Doc. 3713 [Appx_0001-0003].

Parties…should be afforded a reasonable opportunity to respond."[27] However, the Bankruptcy Court offered no alternative hearing date before April 16, 2023 (more than two weeks away at the time) - much less a timely alternative hearing date given existing time constraints - or reasoning that **any** hearing date before April 16, 2023, would *not* be "reasonable." Moreover, the Order Denying Expedited Hearing is noticeably silent on its highly prejudicial effect of putting not just Petitioner, but also the Reorganized Debtor and the HCT, in jeopardy based upon the limitations arguments advanced in the Objections. Instead, the Bankruptcy Court found that any emergency was "dubious" on the premise that it "appears" HMIT has known of the conduct for some time.[28] So, the Bankruptcy Court suggests that—because of the Gatekeeper Provisions and local motion practice—HMIT does not have the benefit of the full state law statute of limitations, but had to act much earlier to preserve claims (though this timeline is unknowable, as there is no local practice for when the Bankruptcy Court would rule on such a motion). This was an abuse of discretion. For the same reasons, the Contact Order, requiring counsel to "contact the Courtroom Deputy for a setting on the Motion for Leave, which setting shall be

---

[27] Doc. 3713 [Appx_0002-0003].

[28] Petitioner disagrees with and reserves all rights regarding the statements in the Order Denying Emergency Hearing concerning Petitioner's purported "knowledge" that "appears" to the Bankruptcy Court; however, for purposes of the matters before this Court, these *sua sponte* statements are irrelevant.

no sooner than April 19, 2023," was an abuse of discretion. It is from the Order

Denying Expedited Hearing (which includes the Contact Order) that Petitioner seeks

this Petition for Writ of Mandamus.

## C.    Emergency Mandamus is Necessary Due to the Denial of Petitioner's Interlocutory Appeal

On April 5, 2023, Petitioner filed its Notice of Appeal and Emergency Motion

for Leave to File Interlocutory Appeal in accordance with Rule 8004 of the Federal

Rules of Bankruptcy Procedure.[29]

On April 6, 2023, the Bankruptcy Clerk transferred the Notice of Appeal to

the Northern District of Texas, Case No. 3:23-cv-00737-N. Immediately after this,

Petitioner filed its Motion for Expedited Briefing Schedule on Motion for

Interlocutory Appeal.[30] Petitioners' request for expedited briefing also was opposed,

as reflected in objections filed on April 10, 2023.[31] Petitioner also replied to these

---

[29] Doc. 3721 [Appx_0411-0417].

[30] HMIT's Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal in Case No. 3:23-cv-00737-N, Document No. 4 [Appx_0884-0890].

[31] *See* Claim Purchasers' Objection to Hunter Mountain Investment Trust's Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal in Case No. 3:23-cv-00737-N, Document No. 8 [Appx_1091-1098]; *see also*, The Highland Parties' Objection to Hunter Mountain Investment Trust's Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal in Case No. 3:23-cv-00737-N, Document No. 6.

objections on the same date -- April 10, 2023.[32]

On April 11, 2023, the District Court signed the Order denying Petitioner's Emergency Motion for Leave to File Interlocutory Appeal.[33] Therefore, Petitioner has no other adequate means to obtain the relief it desires, and this mandamus is necessary.

## V. THE STANDARD OF REVIEW

Mandamus is the appropriate remedy where a district court has refused to exercise jurisdiction which it ought to exercise. *See, e.g., In re Dresser Industries, Inc.,* 972 F.2d 540, 543 (5th Cir. 1992) ("Mandamus is appropriate when the trial court has exceeded its jurisdiction or has declined to exercise it.") (emphasis added); *In re Chesson,* 897 F.2d 156, 159 (5th Cir. 1990). In addition, the action of the court below was and can be treated as a "procedural misstep" permitting this Court the route of "rejecting the flawed procedure and taking steps to correct it by granting mandamus." *In Re Grand Jury Subpoena,* 190 F.3d 375, 389 (5th Cir. 1999).

---

[32] Hunter Mount Investment Trust's Combined Response to (1) the "Highland Parties" Objection to Hunter Mountain Investment Trust's Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal, and (2) Claim Purchasers' Objection to Hunter Mountain Investment Trust's Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal, dated April 10, 2023, Doc. 9 in Case No. 3:23-cv-00737-N [Appx_1099-1104].

[33] Order, dated April 11, 2023, Doc. 10 in Case No. 3:23-cv-00737-N [Appx_1105-1106].

In the Fifth Circuit, mandamus relief is available to obtain appellate review of bankruptcy orders, that are otherwise non-appealable.[34] The party seeking the writ must: (1) have "no other adequate means to attain the relief [it] desires," (2) show that its "right to issuance of the writ is clear and indisputable," and (3) be "appropriate under the circumstances."[35]

Courts are precluded from preventing a party from filing proposed claims due to local practice for setting motions. *See Newby v. Enron Corp.*, 542 F.3d 463, 470 (5th Cir. 2008) ("In effect, the district court was requiring [movant] either to file a motion for leave at least twenty days before the statute of limitations expired—or perhaps even earlier if the district court did not rule on the motion in time.").

## VI. REASONS THE WRIT SHOULD ISSUE

### A.    No Other Adequate Means to Attain Desired Relief

Immediate mandamus relief is necessary because Petitioner has no adequate means to obtain its desired relief—a timely hearing and final determination of its Emergency Motion for Leave before April 16, 2023. An interlocutory appeal was

---

[34] *In re Lieb*, 915 F.2d 180, 186 (5th Cir. 1990) (citing *In re Barrier*, 776 F.2d 1298 (5th Cir. 1985) (per curiam)); *see also, In re Itron, Inc.*, 883 F.3d 553, 567–68 (5th Cir. 2018) (granting mandamus where petitioner "exhausted every other opportunity for interlocutory review…including a motion to certify an interlocutory appeal…").

[35] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004).

sought in the Northern District of Texas, Case No. 3:23-cv-00737-N, which included Petitioner's request for an expedited schedule. The District Court's denial of Petitioner's motion for leave to file interlocutory appeal exhausts Petitioner's other appellate remedies and, without mandamus relief, one or more of the Proposed Defendants will argue that the applicable statute of limitations will run on some claims, which will render the issue otherwise moot.[36]

Under these circumstances, mandamus relief is appropriate because the Petitioner is "running up against" a date which will serve as the basis for a claimed statute of limitations defense, and Petitioner has "exhausted every other opportunity for interlocutory review" of the Order Denying Expedited Hearing.[37] Additionally, this Court has found that—where an issue will be moot before an appeal can be filed—then mandamus is appropriate. *See In re A&D Ints., Inc.*, 33 F.4th 254, 256 (5th Cir. 2022).

If mandamus does not issue, the opposing parties will argue that the limitations deadline will run before the underlying Emergency Motion for Leave is

---

[36] *See In re A&D Ints., Inc.*, 33 F.4th 254, 256 (5th Cir. 2022) ("Because this issue will become moot before Petitioners can file an appeal, the first requirement [of mandamus] is met.").

[37] *In re Itron, Inc.*, 883 F.3d 553, 567–68 (5th Cir. 2018) (finding that running up against impending deadlines demonstrates no other adequate means to attain the relief); *see also, In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 306 (5th Cir. 2020) (mandamus was "only means" after district court denied motion to certify interlocutory appeal).

resolved—which, if adopted by the Court, will render certain relief sought in Petitioner's Application and Emergency Motion for Leave moot.[38] Thus, emergency mandamus is appropriate and necessary because Petitioner has exhausted every other opportunity for interlocutory appeal, and Petitioner is left with no other adequate means of relief.

## B.    Clear and Indisputable Right to Emergency Motion for Leave

Petitioner had a clear and indisputable right to have its Emergency Motion for Leave heard and finally decided well before April 16, 2023, because Petitioner is entitled to pursue its colorable claims without exposure to the threat of a limitations defense that otherwise would not exist.

Petitioner has provided good cause for an expedited hearing because this Court has found it is an abuse of discretion for a court to use its local practice for

---

[38] In *A&D Ints., Inc.*, 33 F.4th 254, 256 (5th Cir. 2022), the Fifth Circuit found that where an issue will be moot before an appeal can be filed, mandamus is appropriate. There, plaintiffs brought putative collective action over misclassification and wage claims under the Fair Labor Standards Act (FLSA). The district court granted plaintiffs' motion for "conditional certification" of the class but while appeal of that order was pending, the Fifth Circuit issued an opinion doing away with "conditional certification" for FLSA cases.  In light of this change in the law, the district court vacated its conditional certification order and ordered the parties to conduct preliminary discovery. Armed with new discovery, the district court granted the plaintiffs' motion for certification and issuance of notice. Petitioner then filed a mandamus petition asking the Circuit to vacate the district court's order certifying the collective action. The Fifth Circuit explained that it had previously held that orders facilitating notice to potential opt-in plaintiffs met the requirement for mandamus "because the issue will be moot after notice is sent."

setting motions to shorten the statute of limitations. In *Newby v. Enron*, this Court held that the district court erred when finding it would not adjudicate a motion for leave on the merits and allowed the applicable statute of limitations to otherwise run. In other words, as shown below, *Newby v. Enron* makes clear that a motion for leave should be heard prior to any applicable limitations deadline. Here, however, counsel for Seery clearly threatened to assert an impending two-year statute of limitations defense, and -- even more striking and prejudicial -- argued that the Bankruptcy Court should *actively facilitate* a limitations defense. Seery, in his objection to the Application, argued:

> "The putative defendants would be severely prejudiced if the Motion to Expedite were granted because it would … likely impair what will otherwise be valid affirmative defenses."[39]
>
> …
>
> "It is hard to imagine a greater prejudice that could be imposed on a putative defendant than a court intervening to thwart a complete and valid affirmative defense that is on the cusp of ripening…."[40]

These statements are stunning in their unfairness. In effect, one of the Proposed Defendants (Seery) was encouraging the Bankruptcy Court to deprive Petitioner of due process.

---

[39] Doc. 3707, p. 6 [Appx_0408].

[40] Doc. 3707, p. 7 [Appx_0409].

In *Newby v. Enron*, a district court enjoined a law firm from filing any new actions related to a Chapter 11 debtor without leave of court. The law firm then moved to file 34 lawsuits in state court. There, the motion for leave was filed on October 14, 2005, and the statute of limitations of some of the claims expired on October 17, 2005. The district court denied the motion, in part finding that these claims would be barred by the applicable statute of limitations by the time the motion was considered on November 3, 2005. The law firm appealed. The Fifth Circuit explained that:

> The district court was incorrect, however, in denying the motion for leave to file suit for the claims that have a four-year statute of limitations. The court did not cite any authority for using its own local rules to dictate the state's filing date for purposes of Texas's relation-back principle. In effect, the district court was requiring the Fleming Firm either to file a motion for leave at least twenty days before the statute of limitations expired—or perhaps even earlier if the district court did not rule on the motion in time—or to violate the injunction by filing in state court within the limitations period. *Cf. Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 334 (7th Cir. 2005) ("The logic underlying [using the date of filing for limitations purposes as opposed to the date the court rules on the motion] is that defendants are on notice of the amendment when the motion is filed and it would be unfair to plaintiffs if a trial court waited months or years to rule."). Thus, the district court should have allowed the Texas state courts to decide whether the filing of the state petitions relates back to the filing of the motion for leave to file suit (for the claims that have a four-year statute of limitations), meaning that these claims might not be futile. Because the Fleming Firm sought to file these claims before the statute of limitations expired, it is up to the state court to determine how to proceed. In sum, the district court improperly denied the motion for leave to file the claims involving common law fraud and fraud-on-the-market (Count I), statutory fraud (Count III), and aiding and abetting

> common law fraud (Count VI), because these claims all have a four-year statute of limitations, and the Fleming Firm submitted its motion for leave to file suit before that limitations period expired.

*Newby v. Enron Corp.*, 542 F.3d at 470. Thus, despite binding precedent that precludes a Bankruptcy Court from effectively shortening a state law statute of limitations based on its local practice for setting motions, this is essentially what the Proposed Defendants asked the Bankruptcy Court to do.

Allowing the Proposed Defendants to fashion a potential statute of limitations defense, that would not otherwise exist, is an abuse of discretion because it exposes Petitioner to unwarranted risks. Petitioner is entitled to immediate relief from the unfair procedural status it now faces due to the denial of its Application and interlocutory appeal.

## C.    Desired Relief is Appropriate

The requested mandamus relief is appropriate under the current circumstances because the requested relief is necessary and in the best interest of the Petitioner *as well as* the Reorganized Debtor and the HCT. The Proposed Defendants presented no evidence there was not good cause for the relief requested, nor that it was not for the benefit and in the interests of the Reorganized Debtor and HCT. There is no evidence that the Proposed Defendants would be unable to prepare for an expedited hearing before April 13, 2023.

One or more of the Proposed Defendants is likely a "Protected Party" under the Plan and, accordingly, subject to the Gatekeeping Provisions, as well as the injunction and exculpation provisions in the Plan. Furthermore, the bankruptcy court retains exclusive jurisdiction on matters affecting the Reorganized Debtors' Estate. Thus, to the extent that the Protected Parties are subject to the benefits of the Gatekeeping Provisions, injunctions and exculpation provisions, any statute of limitations relating to claims asserted against them are likely equitably tolled. However, it is clear that the Proposed Defendants will argue aggressively against any equitable tolling.[41] However, not all of the Proposed Defendants are Protected Parties.[42] As such, Petitioner should not be exposed to the risks of any further delays making emergency mandamus relief appropriate.[43]

---

[41] All of the Proposed Defendants rejected Petitioner's request for tolling agreements. *See* Correspondence regarding tolling agreements, attached as Exhibits. 2 and 3 to Hunter Mountain Investment Trust's Emergency Motion for Leave to File Interlocutory Appeal, dated April 5, 2023, Doc. 3721-1 in Case No. 19-34054-sgj-11 [Appx_0443-0448].

[42] On April 10, 2023, Muck, Jessup, Farallon and Stonehill filed their Claim Purchasers' Objection to Hunter Mountain Investment Trust's Opposed Motion for Expedited Briefing Schedule on Motion for Interlocutory Appeal in Case No. 3:23-cv-00737-N, Document No. 8 [Appx_1091-1098]. Once again, Muck, Jessup, Farallon and Stonehill refused to agree to toll the claims, but they seek to impose the risk of a future judicial determination concerning equitable tolling on Petitioner. This is inappropriate because Petitioner timely filed its Emergency Motion for Leave within any potential statute of limitations, seeking permission from the Bankruptcy Court to proceed under its Gatekeeping Provisions—almost two (2) weeks ago.

[43] Mr. Seery is clearly urging the bankruptcy court to allow the statute of limitations to run and expire. On its face, Mr. Seery appears to be arguing against any equitable tolling.

The Bankruptcy Court abused its discretion by depriving Petitioner of a timely hearing and final disposition of its Emergency Motion for Leave, unnecessarily facilitating development of a state law statute of limitations affirmative defense by at least one of the Proposed Defendants, and by ordering counsel to "contact the Courtroom Deputy for a setting on the Motion for Leave, which setting shall be no sooner than April 19, 2023."

## VII. PRAYER

For these reasons, the Bankruptcy Court should be ordered to set Petitioner's Emergency Motion for Leave for hearing on expedited notice so the Emergency Motion for Leave is heard and ruled on before April 13, 2023.

Respectfully Submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

By: *  /s/ Sawnie A. McEntire            *
    Sawnie A. McEntire
    State Bar No. 13590100
    smcentire@pmmlaw.com
    Allison Jacobsen
    State Bar No. 00783549
    ajacobsen@pmmlaw.com
    1700 Pacific Avenue, Suite 4400
    Dallas, Texas 75201
    Telephone: (214) 237-4300
    Facsimile: (214) 237-4340

    Roger L. McCleary
    State Bar No. 13393700

rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

***Attorneys for Petitioner***

**CERTIFICATE OF COMPLIANCE**

Counsel for Petitioner certifies that this document complies with the word limit of FED. R. APP. P. 21(d)(1) because, this document contains 5346 words.

Counsel for Petitioner also certifies that this document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, size 14.

Counsel for Petitioner certifies that (1) the electronic submission is an exact copy of the paper document (5TH CIR. R. 25.2.1) and (2) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.